UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA BEALS,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

CIVIL ACTION NO. 14-11278

DISTRICT JUDGE TERRENCE G. BERG

MAGISTRATE JUDGE R. STEVEN WHALEN

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

This is a Social Security Disability appeal brought pursuant to 42 U.S.C. §405(g). Plaintiff Angela Beals filed suit in this Court on March 28, 2014 challenging the denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.

42 U.S.C. §405(g) provides that any action brought under that section "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides...."  The Complaint indicates that Plaintiff lives in Muskegon County, which is in the Western District of Michigan.  *Docket #1*.   As such, under § 405(g), venue is proper only in the Western District of Michigan. *Wright v. Commissioner of Social Sec.*,  2008 WL 2246043, *2 (E.D.Mich. May 30, 2008).

Under 28 U.S.C. § 1406(a), the court of a district "in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought." Because both parties have already submitted briefing in this case, no purpose would be served in requiring Plaintiff to re-file in the Western District. As such, transfer rather than dismissal is appropriate.

Under § 1406(b), the failure to "interpose timely and sufficient objection to the venue" does not prevent the Court from ordering a transfer. The fact that Defendant has not pled improper venue does not prevent the Court from doing so *sua sponte.* Conversely, the Court is not required to transfer venue in the absence of a motion by either party. *Weinberger v. Salfi,* 422 U.S. 749, 763–764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975). However, this is one of four cases recently before the undersigned where Plaintiff's counsel Richard J. Doud filed a complaint here where venue properly lay in the Western District. *See Tenharmsel v. Commissioner of Social Sec.,* 2014 WL 4608670 (E.D.Mich. August 11, 2014).[1] Mr. Doud should not be encouraged to continue flouting the requirements of § 405(g) when filing suit on behalf of his clients.

Accordingly, IT IS ORDERED that this case be transferred to the Western District of Michigan.

        s/ R. Steven Whalen
        R. STEVEN WHALEN
        U.S. MAGISTRATE JUDGE

November 25, 2014

---

[1] In *Tenharmsel,* the undersigned considered the case on the merits, despite improper venue.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 25, 2014, electronically and/or by U.S. mail.

s/Karri Sandusky<br>Case Manager